By the Court—Bosworth, Ch. J.
The- order appealed from should not be vacated, ^unless it is perfectly clear that no action will lie upon the undertaking. That provides for ascertaining the damages by a reference. The question of liability can be better and more fitly determined in an action upon the undertaking. The reference will settle the measure of liability, if the parties to the undertaking shall be held liable, but not the fact of liability. It has been determined in this action that the plaintiff was not entitled to the injunction. By the plaintiff’s acquiescing in that -decision, and immediately abandoning his action, that decision became a final one in the action, in such sense, that it cannot be reviewed on appeal, nor be reinvestigated in any other manner in that action. There is, therefore, much reason for considering that decision a final one within the meaning of the undertaking, and of section 222 of the Code.
In Coates v. Coates, (1 Duer, 664,) the practice was sanctioned which has been pursued in this case. The case in 7 Abb., Pr. R., *657 308, contains no intimation in conflict with it. There, no decision had been made upon the question of the plaintiff’s right to the injunction. (See 11 How. Pr. R., 269; 12 id., 170.)
In 18 New York Reports, 463, the order of reference was made after a judgment entered dismissing the complaint. I do not think the defendants (if entitled to damages) have lost the right to an assessment by a referee, solely because the action has been discontinued. It is not thereby terminated more absolutely than by a dismissal of the complaint. The order should be affirmed.
Affirmed accordingly.